CLAUDE LEWY, PETITIONER *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 1403–77   Filed August 29, 1977.

*Charles N. Maybruck,* for the petitioner.
*Robert E. Marum,* for the respondent.

OPINION

WILBUR, *Judge:* This matter comes before the Court on respondent's motion to dismiss this case for lack of jurisdiction. The issue presented by respondent's motion is whether the petitioner herein had 150 days rather than 90 days within which to file his petition with this Court under section 6213(a).[1]

All the facts, for purposes of this motion, have been stipulated. The stipulation of facts is incorporated herein by this reference.

The petitioner, Claude Lewy, has been a member of the French bar since 1927 and a member of the New York bar since 1953. Since May 1976, he regularly resided outside the United States in Paris, France, and maintained his principal office there for the conduct of his law practice. Petitioner also maintained office facilities at Madison Avenue, New York City, N.Y. (hereinafter Madison Avenue), through an arrange-

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.

ment with an attorney colleague to have an office address in New York City to receive messages, and to share the use of the office on occasions when he was in the United States to service his clients. In addition, since May 1976, and prior thereto, petitioner has maintained an apartment in New York City on West 68th Street (hereinafter 68th Street), which he uses when he is in the United States.

Petitioner left the United States in May 1976 for Paris, France, and returned on October 20, 1976. On November 11, 1976, the statutory notice of deficiency was mailed to petitioner by certified mail at his 68th Street address, which was his last known address. That same day, two duplicate originals of the statutory notice of deficiency were also sent to petitioner. One was sent to him at his Madison Avenue office by certified mail, and the other was sent to him at 53 Rue la Boetie, Paris 75008 France, by registered mail. Although petitioner was in the United States on November 11, 1976, the date the statutory notice of deficiency was mailed, he was preparing to leave the United States again and he departed for Paris, France, on the following day, November 12, 1976. Petitioner's first actual notice of the statutory notice of deficiency came on February 1, 1977, the date he returned to New York City from abroad.

Petitioner's representative, Charles N. Maybruck (hereinafter Maybruck), had a duplicate original of the deficiency notice in his possession between January 6 and January 11, 1977. It had been given to Maybruck by petitioner's former secretary, who occasionally picked up his mail for forwarding to petitioner's accountant, Maybruck, Associates, P.C.

The petition in this case was mailed by certified mail on February 10, 1977, the 91st day after the date the statutory notice of deficiency was mailed, and was filed on February 14, 1977, the 95th day after the statutory notice of deficiency was mailed. Subsequently respondent moved to dismiss this case for lack of jurisdiction upon the ground that the petition was not filed within the 90-day time limit prescribed by section 6213(a). Petitioner objects to dismissal upon the ground that he has 150 days within which to file an appeal under that section.

Section 6213(a) requires all appeals to this Court to be brought within a definite period of time after the notice of deficiency has been mailed. It states, in pertinent part that:

Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *

The purpose of Congress in establishing this requirement was "to balance the opportunity for a prepayment hearing with the demands of the tax collection process." *Holt v. Commissioner*, 67 T.C. 829, 839 (1977) (Wilbur, J., concurring). Accord H. Rept. 704, 73d Cong., 2d Sess. (1934), 1939–1 C.B. (Part 2) 554, 580.

Although timely filing of a petition is a jurisdictional requirement to invoke the authority of this Court (*Vibro Mfg. Co. v. Commissioner*, 312 F.2d 253 (2d Cir. 1963); *Vitale v. Commissioner*, 59 T.C. 246 (1972)), in response to the expressed intent of Congress to provide a convenient, prepayment hearing, this Court[2] and the Courts of Appeals[3] have given the jurisdictional provisions a broad, practical construction rather than a narrow, technical meaning. Where the statute "is capable of two interpretations, we are inclined to adopt a construction which will permit us to retain jurisdiction without doing violence to the statutory language." *Traxler v. Commissioner*, 61 T.C. 97, 100 (1973), modified 63 T.C. 534 (1975).[4] Thus, in deciding whether petitioner has 90 days or 150 days within which to present his appeal, we focus

---

[2] E.g., *Ruegsegger v. Commissioner*, 68 T.C. 463 (1977); *Mason v. Commissioner*, 68 T.C. 354 (1977); *Camous v. Commissioner*, 67 T.C. 721 (1977); *Holt v. Commissioner*, 67 T.C. 829 (1977); *Brooks v. Commissioner*, 63 T.C. 709 (1975); *Sylvan v. Commissioner*, 65 T.C. 548 (1975); *Carstenson v. Commissioner*, 57 T.C. 542 (1972); *Molosh v. Commissioner*, 45 T.C. 320 (1965).

[3] E.g., *Di Viaio v. Commissioner*, 539 F.2d 231 (D.C. Cir. 1976), revg. an unreported order of this Court; *Skolski v. Commissioner*, 351 F.2d 485 (3d Cir. 1965), revg. and remanding an unreported order of this Court; *Tenzer v. Commissioner*, 285 F.2d 956 (9th Cir. 1960), revg. an unreported order of this Court; *Mindell v. Commissioner*, 200 F.2d 38 (2d Cir. 1952), revg. an unreported order of this Court; *Eppler v. Commissioner*, 188 F.2d 95 (7th Cir. 1951), revg. an unreported order of this Court.

[4] "It is an article of faith of this Court that a taxpayer shall be given an opportunity to have his tax liability judicially determined before paying any portion thereof if the statute granting jurisdiction can be reasonably interpreted to permit it. * * * [*Holt v. Commissioner*, 67 T.C. 829, 842 (1977) (Sterrett, J., dissenting).]"

on the congressional purpose underlying the 150 day rule, keeping in mind that "we should not adopt an interpretation which curtails it [the right to a prepayment hearing] in the absence of a clear congressional intent to do so." *King v. Commissioner,* 51 T.C. 851, 855 (1969).

The 150 day rule originated in the Revenue Act of 1942 to alleviate the possible hardship caused by delays in mail transport during the second World War. S. Rept. 1631, 77th Cong., 2d Sess. (1942), 1942-2 C.B. 504, 554, 618. After the war, it was retained "to assist those taxpayers who reside and conduct their business and professional activities * * * 'outside the United States.' " *Degill Corp. v. Commissioner,* 62 T.C. 292, 297 (1974). Accord, *Camous v. Commissioner,* 67 T.C. 721, 735 (1977). Since petitioner resides and conducts the major part of his business and professional activities outside this country, he is precisely the type of taxpayer the 150-day rule is designed to assist.

Respondent asserts that petitioner's presence inside this country on the date the deficiency notice was mailed, however casual and temporary that presence was, precludes his being "a person outside the United States," and thus makes the 90 day time limit applicable. This position is premised on an interpretation of section 6213(a) which requires us to narrow our consideration solely to the petitioner's geographic location at the precise moment the deficiency notice was mailed. We find this construction of the statute excessively mechanical, unrelated to the section's basic purpose, and unsupported by case law. Decisions under section 6213(a) have eschewed respondent's mechanical approach in favor of an interpretation more in consonance with the desires of its framers.

In *Camous v. Commissioner, supra,* we held that each spouse has 150 days within which to file when either is outside the United States. We rejected respondent's legalistic argument, that the spouse remaining in the country be treated as a separate taxpayer entitled to only 90 days, by noting the inconsistency of this interpretation with the statutory purpose. Where one spouse is abroad "the need for extra time would exist as to both," at least if they intended to file a joint petition as is usually done. *Camous v. Commissioner, supra* at 735.

In *Cowan v. Commissioner*, 54 T.C. 647 (1970), the deficiency notice had been mailed at 3 p.m. the same day during which a petitioner had been visiting Mexico from 9 a.m. until 7:30 p.m. The petitioner, advancing an interpretation of section 6213(a) similar to that which respondent presents herein, argued that he was a person "outside the United States" entitled to 150 days to file since he had been in Mexico when the deficiency notice was mailed. This Court rejected the mechanical reading of the statute, choosing instead to look to the purpose for which the longer filing period had been created. Since the taxpayer's receipt of the notice would not be delayed by the brief absence involved therein, this Court concluded he had only 90 days within which to bring his case. *Cowan* clearly holds that ephemeral presence at the moment the deficiency notice is mailed is not controlling.

A case which illustrates the proper approach to this issue is *Mindell v. Commissioner*, 200 F.2d 38 (2d Cir. 1952). The Second Circuit in concluding that persons temporarily absent from the United States are entitled to 150 days within which to petition, stated:

Whatever the reason for the taxpayer's absence from the country receipt of the deficiency notice was likely to be delayed if he was not physically present at the address to which the notice was sent; hence he was given additional time to apply for a review of the deficiency. * * * [*Mindell v. Commissioner, supra* at 39.]

Thus, *Mindell* relied upon two related factors for its decision: absence from the country resulting in delayed receipt of the deficiency. This Court subsequently adopted the *Mindell* holding, citing the above quoted language as the persuasive reason for its decision. *Estate of Krueger v. Commissioner*, 33 T.C. 667, 668 (1960) (Court reviewed.). More recently, we again stated our adherence to this rationale as the proper framework for analysis.

As we see it, the crucial criterion to be gleaned from the decided cases is whether the "person" is physically located outside the United States so that the notice of deficiency mailed to its United States address will be delayed in reaching it in a foreign country, possession, or territory, and thereby hamper its ability to adequately respond by filing a petition to litigate its case in this Court. * * * [*Degill Corp. v. Commissioner*, 62 T.C. 292, 299 (1974).]

Applying the reasoning of these cases to the facts before us we conclude that petitioner had 150 days within which to petition this Court for a preassessment determination. The petitioner resides in France and was only temporarily in the United States when the deficiency notice was sent. The notice was mailed the day before he returned to Paris making it virtually certain that he would not receive it before he left. Cf. *Sylvan v. Commissioner*, 65 T.C. 548, 551 (1975). He in fact did not receive actual notice until his return to the United States on February 1, 1977. In contrast to *Cowan v. Commissioner, supra*, where the taxpayer's temporary absence when the deficiency notice was sent did not delay his receipt of it, petitioner's absence resulted as a natural and probable consequence in his delayed receipt of the notice. The same considerations which argued against the taxpayer in *Cowan* mitigate in favor of petitioner herein. Further, because his physical absence from the United States delayed his receipt of the notice, the reasoning expressed in the *Camous-Degill-Mindell-Krueger* line of cases argues persuasively in his favor.

Respondent's emphasis upon the taxpayer's presence at the moment of mailing, aside from being inconsistent with the approach taken in *Cowan*, has no relationship to the statutory purpose of section 6213(a). Where a notice is mailed at 12:01 a.m., respondent would allow a taxpayer 150 days to file if he leaves the country at 11:59 p.m., but only 90 days if he leaves at 12:02 a.m. despite the fact in either case his receipt of the notice and consequent ability to petition this Court will be delayed by his absence from the country. In a series of recent decisions we have firmly and unequivocally rejected barren haggling over dialectical distinctions in the jurisdictional area. See *Sylvan v. Commissioner, supra; Holt v. Commissioner*, 67 T.C. 829 (1977).

Respondent points to four facts in suggesting that petitioner suffered no hardship with respect to filing within the 90-day period: (1) Petitioner's representative, Maybruck, had the deficiency notice by January 11, 1977; (2) copies of the notices were sent to both New York and Paris addresses; (3) petitioner is an attorney; (4) he received the notice 8 days before expiration of the 90-day period. The first two facts are clearly irrelevant to a determination of the proper time period, *du Pasquier v. Commissioner*, 39 T.C. 854 (1963), especially in

light of the long delay before petitioner received the deficiency notice. Nor does his profession significantly mitigate the difficulties related to delayed receipt of the deficiency notice. Even lawyers need time to decide whether to opt for a prepayment forum and to prepare a petition.

The fact that petitioner actually received the notice 81 days after its mailing does not persuade us to limit his appeal period to 90 days. Section 6213(a) manifests the congressional intention to allow taxpayers a generous period within which to elect a prepayment forum.[5] In particular, the 150 day period was established to extend added time not just to those who are totally prevented from petitioning this Court within 90 days by delay in receipt of deficiency notices, but also to persons like petitioner who experience significant delays in receiving notices due to absence from the country. We are unwilling to frustrate this clear congressional policy by relegating petitioner to a lesser period whenever there exists some conceivable way filing could be accomplished within that time.

Our reasoning in *Hamilton v. Commissioner*, 13 T.C. 747 (1949), provides further support for our conclusion:

> An interpretation of the provision as meaning something more substantial than the mere fortuitous circumstance of place where a taxpayer physically happened to be on a certain date would likewise protect against hardship a taxpayer regularly residing outside the States of the Union and the District of Columbia, but who, through fortuitous circumstance, physically happened to be in one of the States of the Union on the particular day the deficiency notice was mailed to him, and would, because of his residence outside the States of the Union and the District of Columbia, preserve to him the right to the period of 150 days for the filing of his petition, just as it would for his neighbor who happened to be at home on the day when the deficiency notice was mailed. [13 T.C. at 753–754.]

In *Hamilton* we held, first, that a resident of a foreign country had 150 days within which to bring his case, and secondly, that an American resident traveling abroad on no settled business or residential basis had only 90 days. This second holding was later rejected by the Second Circuit in *Mindell v.*

---

[5] The Revenue Act of 1934 extended the period for filing from 60 to 90 days because "Experience has shown [60 days] is not sufficient time in case of involved assessments." H. Rept. 704, 73d Cong., 2d Sess. (1934), 1939–1 C.B. (Part 2) 554, 580; S. Rept. 558, 73d Cong., 2d Sess. (1934), 1939–1 C.B. (Part 2) 586, 619.

*Commissioner,* 200 F.2d 38 (2d Cir. 1952), and the Tax Court in *Estate of Krueger v. Commissioner,* 33 T.C. 667 (1960).

Respondent errs in believing that *Mindell* and *Krueger* vitiate the above quoted language from *Hamilton.* Far from narrowing the class of persons as respondent would have us do, both cases expanded the class of persons entitled to file within 150 days. And *Cowan v. Commissioner,* 54 T.C. 647 (1970), which interpreted and relied on both *Mindell* and *Krueger,* belies respondent's position that those cases make mere presence at the time the deficiency is mailed controlling.

Respondent also places heavy emphasis on language from three cases which seems to support his construction of section 6213(a). *Estate of Lombard v. Commissioner,* 66 T.C. 1 (1976); *Mianus Realty Co. v. Commissioner,* 50 T.C. 418 (1968); *Electronic Automation Systems, Inc. v. Commissioner,* T.C. Memo. 1976–270. However, those cases revolved around the location of two corporations and an estate for purposes of the 150 day rule. They dealt with aspects of the rule entirely unrelated to that which we face herein and the language quoted by respondent is dicta which, though understandable in the context used, is inapposite in dealing with the issue presented herein.

*An appropriate order will be entered.*