EDWARD W. JOHNSON and CYNTHIA D. WORSLEY F.K.A. CYNTHIA D. JOHNSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 29389-89
United States Tax Court
T.C. Memo 1990-542; 1990 Tax Ct. Memo LEXIS 596; 60 T.C.M. (CCH) 1028; T.C.M. (RIA) 90542; October 18, 1990, Filed Paul S. Besson, for the petitioners. Susan T. Mosley, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before the Court on petitioners' Motion for Award of Litigation Costs pursuant to section 7430 and Rule 231. All section references are to the Internal Revenue Code, as amended and in effect for 1989. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT The petition at issue herein was filed with this Court on December 12, 1989. At that time, petitioners maintained separate residences in Hyattsville, Maryland and Washington, D.C.
On May 31, 1988, respondent issued a notice of deficiency for the taxable year 1985. The notice was mailed to the address shown on petitioners' 1985 Federal income tax return. A more recent address was listed on petitioners' 1986 and 1987 Federal income tax returns, both received by respondent *598 prior to the date respondent mailed the notice of deficiency. On December 12, 1989, petitioners filed an untimely petition contesting substantive matters covered in the notice of deficiency. On December 26, 1989, petitioners filed a Motion to Dismiss for Lack of Jurisdiction stating the Court lacked jurisdiction on the ground that the notice of deficiency was invalid because respondent failed to mail the notice of deficiency to petitioners' last known address. On February 7, 1990, respondent conceded the case in full and filed a notice of no objection to petitioners' motion to dismiss for lack of jurisdiction. The Court entered an order of dismissal for lack of jurisdiction on February 14, 1990. On March 19, 1990, petitioners filed a motion for an award of litigation costs. On May 1, 1990, the Court vacated the prior order of dismissal and filed petitioners' motion for an award of litigation costs. On June 27, 1990, respondent's response and memorandum of authorities were filed. Petitioners request litigation costs in the amount of $ 2,325 and administrative costs in the amount of $ 280.15 pursuant to section 7430 of the Internal Revenue Code as in effect *599 as of the date the petition was filed. Respondent objects to petitioners' motion on the ground that his position in this proceeding was substantially justified. OPINION Pursuant to section 7430, petitioners may be awarded a judgment for reasonable litigation and administrative costs if petitioners (1) have exhausted their administrative remedies; (2) have established that the position of respondent was not substantially justified; (3) have substantially prevailed with respect to the amount in controversy; and (4) have a net worth less than $ 2 million on the date the petition was filed. Respondent concedes in his response that petitioners have substantially prevailed with respect to the amount in controversy. Sec. 7430(c)(4)(A)(ii). Additionally, respondent concedes that petitioners exhausted their administrative remedies. Sec. 7430(b)(1). Respondent contends that the position of the United States was substantially justified, Sec. 7430(c)(4)(A)(i). Respondent also contends that petitioners have not satisfied the net worth requirement. Sec. 7430(c)(4)(A)(iii). Petitioners contend that the position of the United States was not substantially justified. Respondent's position *600 becomes the position of the United States on the earlier of (1) the date of the receipt by the taxpayer of the notice of the decision of respondent's appeals office or (2) the date the notice of deficiency was issued. Sec. 7430(c)(7). For purposes herein, respondent's position became the United States' position on May 31, 1988, the date the notice of deficiency was issued. Petitioners have the burden of proving that the position of the United States was not substantially justified and that they are entitled to an award. Rule 232(e); Rutana v. Commissioner, 88 T.C. 1329, 1332 (1987). The substantially justified standard is a test of reasonableness. Sher v. Commissioner, 861 F.2d 131 (5th Cir. 1988), affg. 89 T.C. 79 (1987). Petitioners contend that on the date the notice of deficiency was issued respondent knew, or should have known, that the notice of deficiency was not sent to their last known address, thereby rendering said notice of deficiency invalid. Sec. 6212. In essence, petitioners argue that respondent's position was not substantially justified in that respondent ignored all of the surrounding facts and circumstances *601 showing where petitioners wished the notice to be sent. Petitioners did not question whether or not the notice of deficiency was valid until they filed their jurisdictional motion on December 26, 1989, contending that the notice of deficiency was invalid since it was not mailed to their last known address. Such a jurisdictional challenge pursuant to section 6212 is a factual issue on which the taxpayer has the burden of proof and which is resolved only after looking at all relevant facts and circumstances. Looper v. Commissioner, 73 T.C. 690 (1980). For purposes of section 7430 and the issue of whether respondent's position is substantially justified, respondent is given a reasonable period of time in which to resolve a factual issue after receiving all relevant information. See Sokol v. Commissioner, 92 T.C. 760, 765 n. 10 (1989). After the issue was properly raised on December 26, 1989, respondent gathered all relevant information and conceded the case on February 7, 1990, which was approximately six weeks later. Under the circumstances of this case, we find that six weeks was a reasonable period of time for respondent to concede the case. *602 See Rouffy v. Commissioner, T.C. Memo. 1987-5. Therefore, we conclude that the position of the United States was substantially justified. Because petitioners have failed to show that the United States' position was not substantially justified, we need not discuss the net worth requirement of section 7430(c)(4)(A)(iii), which is the fourth hurdle to cross before an award of litigation costs may be awarded. We note, however, that petitioners have not made any showing regarding the net worth requirement even though, in general, costs will not be awarded absent a showing that the taxpayer's net worth was not in excess of $ 2 million at the time the petition was filed. See Doyle v. Commissioner, T.C. Memo. 1988-449. For the above reasons, petitioners' motion for an award of litigation will be denied. An appropriate order will be issued.