T.C. Memo. 1998-301

UNITED STATES TAX COURT

ROBERT AND DIANA ROBERTS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22985-97.                    Filed August 19, 1998.

<u>Edward A. Rose, Jr.</u>, for petitioners.

<u>T. Ian Russell</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Chief Special
Trial Judge Peter J. Panuthos, pursuant to the provisions of
section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court

_____

[1]  Unless otherwise indicated, all section references are
to the Internal Revenue Code.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction.  The issue for decision is whether petitioners are entitled to the 150-day period for filing a petition with this Court as provided in section 6213(a).

Background

The material facts in this case are not in dispute.  On July 31, 1997, respondent mailed a notice of deficiency to petitioners regarding their 1991, 1992, and 1993 Federal income tax returns. Duplicate notices of deficiency were mailed to petitioners' home address at 14615 Wood Road, Riverside, California, and petitioner Robert Roberts' (hereinafter petitioner) business address at 18856 Van Buren Boulevard, Riverside, California.[2]  Petitioner received one of the duplicate notices of deficiency at his business on August 2, 1997.  The record does not reflect whether the notice of deficiency mailed to petitioners' residence was received by them, nor is there any indication that said notice was returned to respondent undelivered.

---

[2]  The jointly filed Federal income tax returns in issue reflected petitioner Robert Roberts' business address (18856 Van Buren Boulevard).

Respondent determined the following deficiencies, additions to tax, and penalties for each year:

| Year | Deficiency | Additions to Tax Sec. 6651(a)(1) | Penalties Sec. 6662(a) |
|------|-----------|----------------------------------|------------------------|
| 1991 | $32,847 | $8,011 | $6,409 |
| 1992 | 7,978 | 1,881 | 1,545 |
| 1993 | 5,612 | 1,403 | 1,122 |

The notice of deficiency states in pertinent part:

> If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter (150 days if addressed outside the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency.  You can get a copy of the rules for filing a petition and a petition form you can use by writing to the address below.

> United States Tax Court
> 400 Second Street, NW
> Washington, DC 20217

Upon receipt of the notice of deficiency at his office on August 2, 1997, petitioner opened and read the notice.  He then called his accountant and advised the accountant of its receipt.  Pursuant to that communication, the accountant picked up the notice from petitioner's business office soon thereafter.  On August 3, 1997, petitioner left the United States for Akumal, Mexico.  He returned to the United States on November 4, 1997.

While petitioner was in Mexico, his accountant prepared the petition.  Petitioner periodically talked with his wife and persons in his office while he was away; however, he did not have any conversations relating to the notice of deficiency or the

need to file a petition. Soon after his return to the United States on November 4, 1997, petitioner looked through his accumulated mail and found the petition prepared by his accountant. Petitioner contacted his accountant for instructions on how to execute the petition. Petitioner had a discussion with the accountant about the above-quoted language in the notice of deficiency. The accountant instructed petitioner to sign, date, and mail the petition. Petitioner signed the petition and placed a date of August 30, 1997, next to his signature. Petitioner Diana Roberts also signed the petition, placing the date of August 30 next to her signature. Petitioners placed their home address on the petition.

The 90-day period prescribed in section 6213(a) for filing a timely petition expired on Wednesday, October 29, 1997, a day that was not a legal holiday in the District of Columbia. The envelope in which the petition was contained reflects a private postmeter postmark of November 21, 1997.[3] The petition was filed with the Court on Wednesday, November 26, 1997, 118 days after the mailing of the notice of deficiency. At the time the petition was filed, petitioners were residents of Riverside, California.

---

[3] Petitioner's testimony was inconsistent as to the date he actually signed the petition. It is clear that it was sometime after Nov. 4, 1997. Given the postmeter date of Nov. 21, 1997, and receipt by the Tax Court on Nov. 26, 1997, it seems likely that the petition was signed on or about Nov. 21, 1997.

Respondent filed a motion to dismiss for lack of jurisdiction contending the petition was not timely filed under section 6213(a). Petitioners filed an objection to respondent's motion. Petitioners contend they are entitled to the 150-day period to file a petition with the Court because petitioner was absent from the United States for a period in excess of 3 months around the time that the notice of deficiency was issued. Petitioner contends his leaving the United States so shortly after the mailing and receipt put him at a disadvantage for filing timely. Petitioners also contend that they will be severely prejudiced if their petition is dismissed.

This case was called for hearing in San Diego, California. Counsel for both parties appeared at the hearing and presented argument and evidence with respect to the motion.

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Sec. 7442; Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Kluger v. Commissioner, 83 T.C. 309, 314 (1984); Medeiros v. Commissioner, 77 T.C. 1255, 1259 (1981); Lundy v. Commissioner, T.C. Memo. 1997-14. The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc.

v. Commissioner, 90 T.C. 142, 147 (1988).  The taxpayer has 90 days from the date the notice of deficiency is mailed (150 days if the notice is mailed to a taxpayer outside of the United States) to file a petition in this Court for a redetermination of the deficiency.  Sec. 6213(a); Estate of Moffat v. Commissioner, 46 T.C. 499, 501 (1966); Lundy v. Commissioner, supra.

There is no dispute that respondent mailed a valid notice of deficiency to petitioners, or that the date of mailing was July 31, 1997.  The question to be resolved is whether petitioners were required to file the petition with this Court within 90 days from the date of the mailing of the notice of deficiency, or whether they were entitled to the 150-day period.

Section 6213(a) provides in pertinent part:

> SEC. 6213(a).  Time For Filing Petition and Restriction on Assessment.--Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.  * * *

The 90-day period for filing the petition with this Court expired on Wednesday, October 29, 1997.  The petition was received and filed by this Court on November 26, 1997, 118 days after the mailing of the notice of deficiency.  As the petition was filed after October 29, 1997, we will have jurisdiction in this matter only if petitioner is entitled to the 150-day filing period prescribed by section 6213(a).

It has previously been determined that the 150-day period applies not only to persons who are outside the United States "on some settled business and residential basis", but also to persons who are temporarily absent from the country. <u>Mindell v. Commissioner</u>, 200 F.2d 38, 39 (2d Cir. 1952). In <u>Mindell</u>, the Court of Appeals for the Second Circuit clarified the reasoning behind the 150-day rule by stating:

> Whatever the reason for the taxpayer's absence from the country receipt of the deficiency notice was likely to be delayed if he was not physically present at the address to which the notice was sent; hence he was given additional time to apply for a review of the deficiency. * * * [<u>Id.</u> at 39.]

In <u>Mindell</u> the Court of Appeals relied upon two related factors for its decision: (1) Absence from the country (2) resulting in delayed receipt of the notice of deficiency. We subsequently expressed agreement with the holding in <u>Mindell</u>, citing the above-quoted language. <u>Levy v. Commissioner</u>, 76 T.C. 228, 231 (1981); <u>Lewy v. Commissioner</u>, 68 T.C. 779, 783 (1977); <u>Estate of Krueger v. Commissioner</u>, 33 T.C. 667, 668 (1960) (Court reviewed). If there is no delayed receipt, the 150-day rule does not apply. See <u>Cross v. Commissioner</u>, 98 T.C. 613, 616 (1992); <u>Malekzad v. Commissioner</u>, 76 T.C. 963, 970 (1981); <u>Levy v. Commissioner</u>, <u>supra</u>; <u>Lewy v. Commissioner</u>, <u>supra</u>; <u>Degill Corp. v. Commissioner</u>, 62 T.C. 292, 297 (1974); <u>Cowan v. Commissioner</u>, 54 T.C. 647, 652 (1970) (Court reviewed); <u>Wade v. Commissioner</u>, T.C. Memo. 1998-235.

In Malekzad v. Commissioner, supra, we explained that in determining whether the 150-day period is applicable, we look at both the date of mailing of the notice of deficiency and the date on which the notice was received by the taxpayer. The crucial inquiry is whether the taxpayer falls within the class of persons that Congress intended to receive the benefit of the longer period and whether the notice of deficiency served the notice function that it was designed to serve. Id. at 970. The purpose behind the enactment of the 150-day rule was the prevention of hardships caused by delays in the receipt of a notice of deficiency due to the taxpayer's absence from the United States and the relatively slow international mails. Looper v. Commissioner, 73 T.C. 690, 694 (1980).

On the facts in the instant case, petitioners were not entitled to the 150-day period for filing their petition. Petitioners were in the United States on the date the notice of deficiency was mailed as well as on the date it was received. Petitioner actually received the notice of deficiency 2 days after it was mailed to the address reflected on the tax returns. Thus, petitioner's absence from the country did not result in a delay in the receipt of the notice. Lewy v. Commissioner, supra.

Since petitioner's absence from the country did not cause a delay in the receipt of the notice of deficiency, petitioner's only argument is that the absence caused a delay in preparation and filing of the petition. In this regard, petitioners' counsel

argues that petitioner did not understand the contents of the notice of deficiency and, in the alternative, that respondent failed to enclose a petition with the notice sent to petitioners.

We note at the outset that the basis for operation of the 90- or 150-day filing period set forth in section 6213(a) is not dependent upon a taxpayer's understanding of the notice of deficiency or upon the taxpayer's understanding of section 6213(a). Even if such were the case, petitioner contacted his tax adviser immediately upon receipt of the notice of deficiency and then left the country. Thus, while petitioner may not have understood the entire contents of the notice of deficiency, he clearly understood enough to immediately contact his tax adviser. Petitioners failed to explain why there was no further communication with the tax adviser with respect to this matter during petitioner's absence from the United States. Further, petitioners presented no evidence as to the role of petitioner Diana Roberts, who remained in the United States during this time. Petitioner did indicate that he communicated with his office as well as with his wife periodically. Yet, there appears to be a total absence of communication with respect to the need to file a petition in response to the July 31, 1997, notice of deficiency. Such neglect by petitioners and their tax adviser is not a basis to invoke the 150-day rule.

Petitioners' alternative argument must also fail. There is nothing in the statute or case law which would suggest that the

Commissioner is required to send a taxpayer a petition or form to file with this Court.  The notice of deficiency clearly sets out the address of the Court and the fact that a petition form and instructions could be obtained by writing to the Court.  Despite receipt of the notice of deficiency 2 days after it was sent, neither petitioners nor their adviser apparently took such action.

Because the petition was not filed within 90 days of the date of the mailing of the notice of deficiency, we will grant respondent's motion to dismiss for lack of jurisdiction. Petitioners, however, are not without a judicial remedy. Petitioners may pay the tax, file a claim for refund with the Internal Revenue Service, and if the refund claim is denied, sue for a refund in the appropriate Federal District Court or the United States Court of Federal Claims.

To reflect the foregoing,

<u>An appropriate order of</u>

<u>dismissal will be entered</u>.