Foley, Judge: The issue for decision is whether petitioner, pursuant to section 6213(a), had 90 or 150 days to file her petition with this Court.[1] FINDINGS OF FACT Petitioner and her husband untimely filed a joint Federal income tax return relating to 2000. Subsequently, the Internal Revenue Service selected petitioner and her husband’s 2000 return for examination. On November 4, 2004, petitioner and her husband signed a Form 872-1, Consent to Extend the Time to Assess Tax As Well As Tax Attributable to Items of a Partnership, relating to 2000. On October 31, 2006, petitioner and her husband signed Forms 872-1 relating to 1997 and 2000. On each form they listed an address in Tiburón, California. Prior to August 2007 petitioner resided in San Francisco, California. In August 2007 petitioner and her two daughters moved to Vancouver, British Columbia, Canada. In September 2007 petitioner rented a furnished apartment in Vancouver and her daughters enrolled in, and began attending, a school in Vancouver (Vancouver school). Soon thereafter petitioner and her daughters applied for, and were granted, permanent residency in Canada. Petitioner also applied for, and received, a Canadian driver’s license. Petitioner continued to own her San Francisco home; maintained a post office box in San Francisco (P.O. box); and occasionally returned to the United States to visit family. In December 2007 petitioner leased an unfurnished single-family residence in Vancouver for herself and her daughters. On or about December 24, 2007, she returned to San Francisco to supervise the transportation of her furniture to Vancouver and to arrange for the rental of her San Francisco home. On December 27, 2007, respondent issued petitioner and her husband, and mailed to their P.O. box, a deficiency notice relating to 2000 (notice).[2] In the notice respondent stated that petitioner and her husband had until March 26, 2008 (i.e., 90 days), to file a Tax Court petition. In addition, respondent determined that petitioner and her husband were liable for an $8,911,858 deficiency, a $2,044,590 section 6651(a)(1) addition to tax, and a $1,782,372 section 6662(a) accuracy-related penalty. On December 28, 2007, petitioner’s moving company began transporting her furniture to Vancouver. The notice was delivered to petitioner’s P.O. box on December 31, 2007, but she did not pick it up. She returned to Vancouver on January 8, 2008; received a copy of the notice on May 2, 2008; and on May 23, 2008 (i.e., 148 days after the notice’s mailing date), while residing in Vancouver, filed a petition with the Court. On March 3, 2009, respondent sent petitioner’s counsel a letter requesting additional documentation relating to petitioner’s whereabouts on the notice’s mailing date. On April 8, 2009, petitioner’s counsel faxed respondent photocopies of petitioner’s and her daughters’ Canadian permanent resident cards, petitioner’s Canadian driver’s license, a canceled October 2007 rent check, and a letter from the Vancouver school verifying that petitioner’s daughters began attending the school in September 2007. In a letter sent to petitioner on April 10, 2009, respondent emphasized the importance of petitioner’s physical location during December 2007 and stated that the documentation petitioner provided was not conclusive. On July 24, 2009, the Court filed respondent’s motion to dismiss for lack of jurisdiction, in which respondent contends that the petition was not filed within the time prescribed by section 6213(a). The Court, on August 20, 2009, filed petitioner’s objection to respondent’s motion. On September 1, 2009, the Court filed petitioner’s supplemental opposition to respondent’s motion. OPINION This Court’s jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition.[3] See secs. 6212(a), 6213(a), 6214(a); Rule 13(a), (c); Levitt v. Commissioner, 97 T.C. 437, 441 (1991); Monge v. Commissioner, 93 T.C. 22, 27 (1989). Section 6213(a) provides that a petition for redetermination of a deficiency is timely if it is filed within 90 days (90-day rule) or, if the notice is “addressed to a person outside the United States”, 150 days (150-day rule) after the notice’s mailing date. Petitioner filed her petition 148 days after the notice’s mailing date. Respondent contends that the petition is untimely and the 90-day rule is applicable because petitioner was in the United States when the notice was mailed and delivered. Petitioner contends that the notice was “addressed to a person outside the United States” and the 150-day rule is applicable because she was a resident of Canada (i.e., when the notice was mailed and delivered), received the notice in Canada, and experienced delay. We agree and hold that petitioner is entitled to the 150-day period. The phrase “addressed to a person outside the United States” is ambiguous, and the Court has consistently construed it broadly. See Looper v. Commissioner, 73 T.C. 690, 694 (1980); Lewy v. Commissioner, 68 T.C. 779, 781-782 (1977). Where a statute is capable of various interpretations, we are inclined to adopt a construction which will permit the Court to retain jurisdiction without doing violence to the statutory language. See Lewy v. Commissioner, 68 T.C. at 781, 783-786 (holding that the 150-day rule is applicable to a foreign resident who is in the United States when the notice is mailed, but outside the United States when the notice is delivered); see also Levy v. Commissioner, 76 T.C. 228, 231-232 (1981) (holding that the 150-day rule is applicable to a U.S. resident who is temporarily outside of the country when the notice is mailed and delivered); Looper v. Commissioner, 73 T.C. at 694-695 (holding that the 150-day rule is applicable where a notice is mailed to an address outside the United States); Hamilton v. Commissioner, 13 T.C. 747, 754 (1949) (holding that the 150-day rule is applicable to a foreign resident who is outside the United States when the notice is mailed and delivered). Our holding is consistent with our jurisprudence, is a practical construction of section 6213(a), and leaves the statutory language unscathed. I. Foreign Residents The 150-day rule applies when the notice is “addressed to a person outside of the United States.” See sec. 6213(a). Where the Court has determined the applicability of the 150-day rule, the critical inquiry has generally been whether the taxpayer fell within the categories of taxpayers Congress intended to benefit: foreign residents or U.S. residents temporarily absent from the country. See Malekzad v. Commissioner, 76 T.C. 963, 970 (1981); Levy v. Commissioner, 76 T.C. at 231; Lewy v. Commissioner, 68 T.C. at 782. In Hamilton, the Court held that a U.S. citizen who resided in a foreign country was a person “outside” of the United States. Hamilton v. Commissioner, 13 T.C. at 748, 754 (construing the predecessor to the current section 6213). The Court in Hamilton also held that the 150-day rule was not applicable to a U.S. resident who was temporarily absent from the country.[4] Id. The Court concluded that Congress, in enacting the 150-day rule, “was legislating with respect to taxpayers regularly residing and carrying on their business and professional activities in places outside the States of the Union”. Id. at 752. In subsequent cases the Court recognized that “[i]t is more likely that delay will occur in these taxpayers’ receiving the notice of deficiency, and certainly more time is needed to file a petition because of the physical presence of these taxpayers outside the United States.” See Camous v. Commissioner, 67 T.C. 721, 735 (1977); see also Degill Corp. v. Commissioner, 62 T.C. 292, 297 (1974). In Hamilton, the Court mused that a foreign resident “who, through fortuitous circumstance, physically happened to be in one of the States of the Union on the particular day the deficiency notice was mailed” would be entitled to the 150-day period and that any other interpretation of the 150-day rule would not be reasonable. See Hamilton v. Commissioner, 13 T.C. at 753-754. The Court in Lewy v. Commissioner, 68 T.C. at 784-786, confronted this situation. In Lewy, a foreign resident, in the United States on the notice’s mailing date, left the country the following day and experienced delay in receiving the notice. Id. at 779-780. The Commissioner contended that the taxpayer’s physical presence in the United States precluded the applicability of the 150-day rule. Id. at 782. The Court rejected this contention as “excessively mechanical, unrelated to the section’s basic purpose, and unsupported by case law.” Id. at 782, 784 (stating that the Court has “firmly and unequivocally rejected barren haggling over dialectical distinctions in the jurisdictional area”). The Court held that the taxpayer, a foreign resident, was “precisely the type of taxpayer the 150-day rule * * * [was] designed to assist”.[5] See id. at 782-784. In sum, a foreign resident’s status as a person “outside of the United States” is not vitiated by the resident’s brief presence in the United States on the notice’s mailing date. See id. at 782-783 (stating that “ephemeral presence at the moment the deficiency notice is mailed is not controlling”). Similarly, a foreign resident may be “a person outside the United States” even if the foreign resident is in the United States on the notice’s delivery date (i.e., if the taxpayer ultimately receives notice several months later while in the foreign country). II. U.S. Residents Temporarily Absent From the Country The 150-day rule is also intended to provide relief to U.S. residents temporarily absent from the country. See Levy v. Commissioner, 76 T.C. at 231; Lewy v. Commissioner, 68 T.C. at 783-784; Estate of Krueger v. Commissioner, 33 T.C. 667, 668 (1960). In Mindell v. Commissioner, 200 F.2d 38, 39 (2d Cir. 1952), a U.S. resident was temporarily absent from the country when the notice was mailed and delivered. The Court of Appeals for the Second Circuit rejected the Tax Court’s holding in Hamilton that the 150-day rule was not applicable to U.S. residents who were temporarily absent from the country. See Mindell v. Commissioner, 200 F.2d at 39. In holding that the 150-day rule was applicable to such individuals, the Court of Appeals held that the critical inquiry was whether the taxpayer experienced delay in the receipt of the notice. See id. In Estate of Krueger v. Commissioner, 33 T.C. at 667-668, a U.S. resident was in Japan on the notice’s mailing date. We adopted the broader application of the 150-day rule as set forth in Mindell but did not reject the holding or reasoning in Hamilton relating to the application of the 150-day rule to foreign residents. Estate of Krueger v. Commissioner, 33 T.C. at 668; see also Lewy v. Commissioner, 68 T.C. at 786 (stating that Estate of Krueger broadened the Court’s holding in Hamilton and “expanded the class of persons entitled to file within 150 days”). In Levy v. Commissioner, 76 T.C. at 229-230, U.S. residents departed on the notice’s mailing date for a five-day trip to Jamaica, the notice was delivered to their residence while they were in Jamaica, and their absence resulted in delayed receipt of the notice. The Court held that the 150-day rule was applicable. Id. at 231-232; cf. Malekzad v. Commissioner, 76 T.C. at 971-972 (holding that the 150-day rule was not applicable to U.S. residents who were in the country on the notice’s mailing date, were outside the country for less than 48 hours, and did not experience delay in receiving the notice). III. Petitioner Is Entitled to the 150-Day Period. Petitioner is within the category of taxpayers that Congress intended to benefit. See Lewy v. Commissioner, 68 T.C. at 782; Camous v. Commissioner, 67 T.C. at 735; Hamilton v. Commissioner, 13 T.C. at 753-754. She was a Canadian resident (i.e., when the notice was mailed and delivered); was not at the address to which the notice was delivered; and received the notice, in Canada, 127 days after the notice’s mailing date. Although petitioner was in San Francisco when the notice was mailed and delivered, her status as a person “outside of the United States” is largely a function of her residency and is not vitiated by her brief presence in the United States. In short, the 150-day rule is applicable. Contentions we have not addressed are irrelevant, moot, or meritless. To reflect the foregoing, An appropriate order will be issued. Reviewed by the Court. Thornton, Colvin, Vasquez, Gale, Wherry, Paris, and Kerrigan, JJ., agree with this opinion of the Court. Goeke, J., concurs in the result only. Marvel, J., did not participate in the consideration of this opinion. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The P.O. box was petitioner’s mailing address as reflected on her 2006 Federal income tax return. Petitioner bears the burden of proving that this Court has jurisdiction. See Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977); see also Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In Mindell v. Commissioner, 200 F.2d 38, 39 (2d Cir. 1952), the Court of Appeals for the Second Circuit rejected this holding and concluded that the 150-day rule was applicable to U.S. residents temporarily absent from the country. See also Estate of Krueger v. Commissioner, 33 T.C. 667, 668 (1960) (adopting the reasoning of the Court of Appeals for the Second Circuit in Mindell); see infra pt. II. The Court reviewed Mindell v. Commissioner, 200 F.2d 38, Estate of Krueger v. Commissioner, 33 T.C. 667, Cowan v. Commissioner, 54 T.C. 647 (1970), Degill Corp. v. Commissioner, 62 T.C. 292 (1974), and Camous v. Commissioner, 67 T.C. 721 (1977), and observed: “the crucial criterion to be gleaned from the decided cases is whether the ‘person’ is physically located outside the United States so that the notice of deficiency mailed to its United States address will be delayed in reaching it in a foreign country * * * and thereby hamper its ability to adequately respond by filing a petition to litigate its case in this Court. * * *” [Lewy v. Commissioner, 68 T.C. 779, 783 (1977) (quoting Degill Corp. v. Commissioner, 62 T.C. at 299).]