T.C. Memo. 1996-377

UNITED STATES TAX COURT

PETER PETTONG AND CHUNG-YIN CHIANG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3642-94.                    Filed August 15, 1996.

Peter Pettong Chiang, pro se.

<u>Stephanie Jensen</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was assigned
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 183.[1]  This matter is before the Court on respondent's
motion to dismiss for lack of jurisdiction.  Respondent moved for
dismissal on the grounds that the notice of deficiency for

_____

[1]  All section references are to the Internal Revenue Code as
amended, unless otherwise indicated.  All Rule references are to
the Tax Court Rules of Practice and Procedure.

taxable years 1988 and 1989 was mailed to petitioners' last known address and the petition was untimely filed. A hearing was held on this motion in Dallas, Texas.

Immediately prior to the hearing, petitioners filed a motion to modify and amend the stipulation of facts. On brief, respondent maintained that the motion consists solely of a restatement of facts previously admitted into evidence and, as a result, filed no objection thereto.

We grant petitioners' motion to modify and amend the stipulation of facts because respondent has no objection thereto and the modifications simply clarify facts previously agreed to by the parties. Accordingly, we need only address respondent's motion to dismiss.

Petitioners resided in Fort Worth, Texas, at the time their petition was filed.

Background

On January 14, 1991, the Internal Revenue Service (IRS) District Office located in Fort Worth, Texas, mailed a letter to petitioners at 7221 Francisco Drive, Fort Worth, Texas (the Fort Worth address), asking their cooperation with the examination of their 1988 and 1989 Federal income tax returns. In a letter addressed to the IRS dated January 17, 1991, petitioner Peter Pettong Chiang (petitioner) explained that he and his family had relocated to Athens, Tennessee, and was informed of the IRS letter by his sister, who remained at the Fort Worth address. He

did not know when his job in Athens would end and requested that the examination be moved to the IRS office nearest to Knoxville, Tennessee.

On June 3, 1991, the Chattanooga, Tennessee, IRS District Office mailed a letter to petitioners at 2108 Congress Parkway #208, Athens, Tennessee, informing them again that their 1988 and 1989 returns were selected for examination and asking that they schedule a meeting. Petitioner notified the Chattanooga office on June 27 that its letter of June 3 had been forwarded by his former landlord in Tennessee to his sister in Fort Worth, whose son then called petitioner in California. Petitioner scheduled a meeting with the IRS for September 3 and 4, 1991, in California. In a letter to the IRS dated August 28, 1991, petitioner explained that he was laid off from his job in California in July, causing him to move to Waltham, Massachusetts, and asked that the examination scheduled for September 3 and 4 be rescheduled and moved to the IRS office nearest to Waltham.

In a letter dated February 11, 1992, the IRS office in Boston, Massachusetts, informed petitioners that the examination of their 1988 and 1989 returns had been rescheduled for February 27, 1992, at the Boston office. On February 21, 1992, petitioner sent a letter to the IRS Boston office informing them that he would be unable to attend the February 27 appointment because he was laid off from his position in Massachusetts. At this time,

petitioner was living at the Fort Worth address and asked that the examination be moved to the IRS office in Fort Worth.

On June 3, 1992, in a letter addressed to petitioners at the Fort Worth address, the IRS requested that they reschedule the meeting for the examination of their 1988 and 1989 returns. In a letter dated June 19, petitioner advised the IRS that he was in a hospital in Wichita, Kansas, and expected to return to Texas as soon as his health improved. He asked that the examination be rescheduled to September 28 or 29, 1992, at the Fort Worth office. The IRS granted this request; however, 4 days before the scheduled meeting, petitioner again contacted the IRS and asked for a postponement. In a letter dated September 24, 1992, petitioner informed the IRS that he had relocated to Wichita for employment and requested that the examination be moved to the IRS office nearest to his new residence at 9100 E. Harry # 2715, Wichita, Kansas 67207.

On October 7, 1992, the IRS office in Fort Worth sent petitioners a letter at their Wichita address informing them of proposed adjustments to their 1988 and 1989 returns, and giving petitioners 30 days to respond. On October 20, 1992, the Austin service center received petitioners' 1991 Federal income tax return listing their residence as the Fort Worth address. In the occupation box, petitioner wrote "Engineer (Construction Fields), three different short-term assignments in three locations, away from home." On November 25, 1992, petitioners met with Virginia

Grant, an IRS auditor in the Fort Worth office, to discuss respondent's proposed adjustments to their 1988 and 1989 returns. In a letter dated December 15, 1992, and sent to petitioners at their Fort Worth address, Ms. Grant asked for additional documentation for purposes of the examination. On January 3, 1993, petitioner wrote to Shirley Wickwary, manager of the audit division at the Fort Worth office, challenging the document request and protesting the treatment they received during their meeting with Ms. Grant. In this letter, petitioners listed their address as the Fort Worth address.

The record in this case contains no further correspondence between petitioners and respondent until June 22, 1993, when respondent sent a notice of deficiency for 1988 and 1989 to the Fort Worth address by certified mail. The notice of deficiency was not returned to respondent; however, petitioners contend that they did not receive the notice because they were residing at 2210 S. Oliver Street, Apartment 318 in Wichita, Kansas (the Oliver Street address), from January 1993 to October 14, 1993. On August 16, 1993, respondent received petitioners' application for an extension of time to file their 1992 return, wherein they listed their address as the Fort Worth address. On October 25, 1993, respondent received petitioners' 1992 return, listing their address as the Fort Worth address. A notice of deficiency for tax year 1991 was sent to petitioners at the Fort Worth address by certified mail on December 1, 1993. Petitioners claim to have

received this notice in or around February 1994 by regular first class mail.

By letter dated February 23, 1994, received by the Court on February 28, 1994, petitioners sought a redetermination of deficiencies for the taxable years 1988, 1989, and 1991. This Court filed the letter as a petition and ordered that a proper amended petition be filed. Petitioners filed their amended petition on August 2, 1994, contesting the deficiencies determined for 1988, 1989, and 1991. They also attached the notices of deficiency to their amended petition.

In the notice of deficiency for 1988 and 1989, respondent determined deficiencies in petitioners' Federal income tax in the amounts of $6,581.04 and $9,256, respectively, and an addition to tax for 1988 under section 6651 in the amount of $1,180.75. In the notice of deficiency for 1991, respondent determined a deficiency in petitioners' Federal income tax of $3,274. For purposes of this opinion, we need not address the merits of respondent's determinations. Our only task is to decide whether the notice for 1988 and 1989 was sent to petitioners' last known address pursuant to section 6212(b)(1).

Assuming, arguendo, that the notice for 1988 and 1989 is valid, the 90-day period for filing a petition with this Court expired on September 19, 1993, which date was not a legal holiday in the District of Columbia. The petition was not filed in this

case until February 28, 1994, which date is beyond the 90-day period.

Discussion

It is well settled that in order to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988). Section 6212(a) authorizes the Secretary or his delegate, upon determining that there is a deficiency in income tax, to send a notice of deficiency "to the taxpayer by certified mail or registered mail." Section 6212(b)(1) provides that a notice of deficiency, with respect to an income tax, "shall be sufficient" if it is "mailed to the taxpayer at his last known address". As a general rule, the Commissioner has no duty to effectuate delivery of the notice after it is mailed. Monge v. Commissioner, 93 T.C. 22, 33 (1989).

Neither section 6212 nor the regulation promulgated thereunder, section 301.6212-1, Proced. & Admin. Regs., defines what constitutes a taxpayer's "last known address". We have defined it as the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such a period. Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Stated

otherwise, it is the address to which, in light of all the surrounding facts and circumstances, the Commissioner reasonably believed the taxpayer wished the notice to be sent. Weinroth v. Commissioner, supra; Looper v. Commissioner, 73 T.C. 690, 696 (1980). The relevant focus is thus on the Commissioner's knowledge, rather than on what may have been the taxpayer's actual address in use. Brown v. Commissioner, 78 T.C. 215, 219 (1982) (citing Alta Sierra Vista, Inc. v. Commissioner, supra). In Abeles v. Commissioner, supra, we held that a taxpayer's last known address is the address shown on his most recently filed and properly processed return, unless the Commissioner has been given clear and concise notice of a different address by the taxpayer.

Petitioners contend that the notice of deficiency for 1988 and 1989 is invalid because it was not mailed to their last known address. Petitioners claim that their last known address, as of the date the notice was mailed, was the Oliver Street address and that respondent should have been aware of this address because: (1) Petitioner filed a Form W-4 with his employer, International Tech. Services, Inc., on May 12, 1993, listing his address as the Oliver Street address; (2) petitioners received statements and invoices from Charles Schwab at the Oliver Street address with respect to individual retirement accounts; and (3) petitioner filed a Form 8822, Change of Address, dated April 10, 1993, with the Austin service center showing petitioners' former address as the Fort Worth address and their new address as the Oliver Street

address.  On the Form 8822 attached to petitioners' Motion to Submit Taxpayers' Filing Photocopy of Form 8822 Supplemental Pleading/Evidence to Petitioners' Simultaneous Briefs filed September 14, 1995, petitioners placed the following acknowledgment:

> Supplemental Pleading/Evidence, the owners' completed photocopy of Form 8822 as attached (The original was sent to IRS Office, Austin, Texas 73301 on April 10, 1993) shall be honorably  submitted for legal review, pursuant to the Rule 41 of U.S. Tax Court Rules of Practice and Procedure for the Docket No. 3642-94.
>
>     We have hereunto signed our names this 6th day of September 1995.

Petitioners had their signatures notarized.  Petitioners' motion was denied on September 18, 1995.

Based on the record in this case, we find that respondent sent the notice of deficiency for 1988 and 1989 to petitioners' last known address.  Petitioners' contention that respondent should have been aware of the Oliver Street address is untenable. The Fort Worth address appears to have been the one constant factor in respondent's dealings with these peripatetic petitioners in that petitioner's sister resided at that address at all times relevant herein, petitioner admits receiving actual notice of all correspondence sent there with the sole exception of the notice of deficiency, and on numerous documents filed with the IRS, including their most recently filed return prior to the issuance of the notice of deficiency, petitioners listed the Fort Worth address as their residence.  Because the notice was not

returned, respondent had no way to know that petitioners failed to receive the notice, if this was in fact the case.

In these circumstances, the Form W-4 did not, in and of itself, serve to change petitioners' last known address.  The record does not establish whether or when a copy of that form was mailed to the IRS.  As we stated in Farnham v. Commissioner, T.C. Memo. 1991-642, to require that the Commissioner use addresses shown on such documents

> would not only impose an unreasonable administrative burden on respondent to record every address for every taxpayer, but we would cause uncertainty by requiring respondent to use an address which the taxpayer did not communicate to him and which the taxpayer did not clearly tell respondent to use.  * * *

Id. (citing United States v. Zolla, 724 F.2d 808, 811 (9th Cir. 1984); see also Thiele v. Commissioner, T.C. Memo. 1994-33); Hamilton v. Commissioner, T.C. Memo. 1992-265.

With respect to the Form 8822, Change of Address, a purported copy of which was attached by petitioners to their motion to submit filing of said copy, we find that this document lacks any degree of credibility, and, therefore, give it no weight in our decision.  We find that the notice of deficiency for taxable years 1988 and 1989 was mailed to petitioners' last known address and, accordingly, grant respondent's motion to dismiss for lack of jurisdiction on the ground that the petition filed by petitioners was untimely.

An appropriate order will

be issued.