PACIFIC METALS CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109196. Promulgated April 30, 1943.

*Richard W. Wilson, Esq.*, for the petitioner.
*Walt Mandry, Esq.*, for the respondent.

OPINION.

HARRON, *Judge:* The facts have been stipulated and the stipulation is adopted as our findings of fact. Petitioner, a New York corpora-

tion, filed its return for the year 1936 with the collector for the second district of New York.

The problem involves the application of section 131 of the Revenue Act of 1936, the pertinent parts of which are set forth in the margin.[1] Section 131 (a) operates in the following way: A taxpayer first computes his net income and the total tax thereon. Having determined the total amount of his domestic income tax, he may take a credit for foreign taxes paid or accrued to a foreign country, and he then arrives at the balance of the domestic tax due. In other words, as a matter of legislative grace, the domestic tax may be offset in whole or in part by the foreign tax. Congress anticipated the difficulty of ascertaining, at the time of filing an income tax return, the exact amount of a foreign tax, and it provided a special method of making an adjustment of the foreign tax credit at such later time as the taxpayer ascertains exactly the amount of the foreign tax. Such provisions were made by section 131 (c).

The facts are brief. The total domestic tax for 1936 is $5,348.19, before applying any foreign tax credit. Petitioner originally received a foreign tax credit in the exact amount of the total domestic tax, i. e., in the amount of $5,348.19. In 1939 petitioner received a refund from the Republic of Colombia of part of the foreign tax paid, so that the amount of the foreign tax actually paid was only $1,078.36. The foreign tax credit taken on the return for 1936 exceeded the foreign tax paid, as ascertained in 1939, by the amount of $4,269.83. The question raised by the pleadings is whether collection of the balance of the domestic income tax for 1936 in the amount of $4,269.83 is barred by the limitation of section 275 (a). There is no question about the amount of the total domestic income tax or the amount of the allowable credit for a foreign tax under section 131 (a). The return for 1936 was

---

[1] SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

(a) ALLOWANCE OF CREDIT.—If the taxpayer signifies in his return his desire to have the benefits of this section, the tax imposed by this title shall be credited with:

(1) CITIZEN AND DOMESTIC CORPORATION.—In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; and

\*       \*       \*       \*       \*       \*       \*

(c) ADJUSTMENTS ON PAYMENT OF ACCRUED TAXES.—If accrued taxes when paid differ from the amounts claimed as credits by the taxpayer, or if any tax paid is refunded in whole or in part, the taxpayer shall notify the Commissioner, who shall redetermine the amount of the tax for the year or years affected, and the amount of tax due upon such redetermination, if any, shall be paid by the taxpayer upon notice and demand by the collector, or the amount of tax overpaid, if any, shall be credited or refunded to the taxpayer in accordance with the provisions of section 322. In the case of such a tax accrued but not paid, the Commissioner as a condition precedent to the allowance of this credit may require the taxpayer to give a bond with sureties satisfactory to and to be approved by the Commissioner in such sum as the Commissioner may require, conditioned upon the payment by the taxpayer of any amount of tax found due upon any such redetermination; and the bond herein prescribed shall contain such further conditions as the Commissioner may require.

filed on July 15, 1937, and a notice of deficiency for 1936 was mailed after three years, on August 29, 1941.

First, the procedure followed by the parties must be discussed. Petitioner failed to comply with the mandate of section 131 (c) by failing to notify the Commissioner in 1939 that it had received a refund of part of the 1936 foreign tax. Instead, petitioner included in its gross income for 1939 the amount which had been refunded by the foreign country. Respondent made the regular audit of the return for 1939, and also made an audit of the 1936 return. He eliminated the amount of the refund from 1939 income which resulted in an over-assessment for that year. He determined that there was a deficiency for 1936 in the amount of $4,269.83, because of the reduction in the amount of the allowable credit for the foreign tax after the refund. The amount of the deficiency is the excess of the foreign tax credit taken on the 1936 return over the allowable credit, after the 1939 refund.

The question raised by the pleadings is decided against the petitioner. Section 131 (c) is a special provision and its terms are clear. It operates to postpone the time for the payment of the net balance of the domestic income tax for a particular year until the collector has made demand upon the taxpayer for payment of the balance of the domestic tax due after the taxpayer has ascertained the correct amount of the foreign tax and has notified the Commissioner of the correct amount. Reading (c) with (a) of section 131, the credit under (a) initially taken is a provisional or interim credit, subject to correction by the taxpayer himself. Since subsection (c) imposes upon the taxpayer the duty of notifying the Commissioner of the facts relating to the correct amount of the foreign tax, and imposes upon the taxpayer the obligation of paying any balance found to be due on the domestic income tax, it should be regarded as a supplement to the statutory provisions relating to the time for paying tax. See section 56 (a) and (b). · For that reason the limitation on assessment and collection of tax has no application to section 131 (c) under the facts. See also, G. C. M. 18801, C. B. 1937-2, 302, 304.[2]

The procedure to be followed by the Commissioner under section 131 (c) was to make demand through his collector for payment of the amount of the tax due upon redetermination of the allowable credit. Presumably he followed that procedure, payment was refused by petitioner, and he issued the notice of deficiency. We have no doubt whatever that petitioner has erred all along, beginning with its failure to notify the Commissioner in 1939 of the refund. Had petitioner noti-

---

[2] "Congress could never have intended the bar to apply to such cases. Otherwise. taxes admittedly due, and which would have been assessed at once except for the credit for foreign taxes, would never be collected notwithstanding the foreign taxes were refunded. Apparently, it was for the express purpose of avoiding such result that Congress omitted any reference to section 275 (a) in section 131 (c)."

fied the Commissioner of the refund in 1939, which was before the end of the period prescribed by section 275 (a), this proceeding would not have arisen. This case suggests the clear inequity which might result in some instances if the limitation of section 275 (a) were held to apply to section 131 (c) under the facts presented; for a taxpayer could withhold information regarding the correct amount of his foreign tax until the expiration of the three-year period, and thus deprive the Government of a tax lawfully due it but held in suspense for the taxpayer's benefit, all as a matter of legislative grace. The omission in section 131 (c) of any reference to section 275 (a) can only be regarded as indicative of a Congressional intent that the latter should have no application to section 131 (c), under the facts.

Reviewed by the Court.

*Decision will be entered for the respondent.*