142 T.C. No. 15

UNITED STATES TAX COURT

PANAGIOTA PAM SOTIROPOULOS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19884-12.                    Filed May 5, 2014.

I.R.C. sec. 901(a) permits a U.S. citizen or resident to claim a credit against her Federal income tax liability for income taxes paid to a foreign country. If such taxes are "refunded in whole or in part," the taxpayer is required to notify the Secretary, who is authorized to redetermine the U.S. tax. I.R.C. sec. 905(c)(1). Any tax due as a result of the Secretary's redetermination is due on notice and demand. I.R.C. sec. 905(c)(3).

P is a U.S. citizen who lived and worked in the U.K. during 2003-05. On her U.S. returns for these years P claimed foreign tax credits in amounts corresponding to the U.K. tax withheld by her employer. P subsequently filed U.K. income tax returns showing overpayments and applied for refunds of U.K. tax. P received payments from U.K. taxing authorities but contends that the payments were not "refunds" within the meaning of I.R.C. sec. 905(c)(1)(C) because her entitlement to refunds remains under investigation in the

U.K.  P did not notify the Secretary of these payments pursuant to I.R.C. sec. 905(c)(1).

Following examination of P's returns, R mailed P a notice of deficiency for 2003-05 determining that the U.K. taxes had been "refunded" and disallowing the claimed foreign tax credits.  P petitioned the Court.  Approximately a year after filing his answer, R moved to dismiss the case for lack of jurisdiction.  R contends that he erred in issuing the notice of deficiency and that I.R.C. sec. 905(c) authorizes him to redetermine P's 2003-05 tax and collect it upon notice and demand.

Held, this Court has jurisdiction to determine, at a minimum, whether the statutory provision alleged to divest it of jurisdiction applies, that is, whether the U.K. taxes paid by petitioner have been "refunded in whole or in part" within the meaning of I.R.C. sec. 905(c)(1)(C).

Jeffrey L. Gould, for petitioner.

Scott A. Hovey, for respondent.

OPINION

LAUBER, Judge:  Currently before this Court is respondent's motion to dismiss for lack of jurisdiction.  The Internal Revenue Service (IRS or respondent) issued petitioner a notice of deficiency for tax years 2003-05, and petitioner timely petitioned the Court for redetermination of the deficiencies.  Respondent now

argues that he erred in issuing the notice and that the Court, by virtue of sections 905 and 6213,[1] lacks subject matter jurisdiction over the substantive tax issue presented by the petition.

Background

Petitioner is a U.S. citizen who lived and worked in London, England, during 2003-05 and at the time she petitioned this Court. She was employed by the London office of Goldman Sachs during 2003-05. She received employee compensation from Goldman Sachs, which withheld United Kingdom (U.K.) income tax from her wages. She filed U.S. and U.K. income tax returns for each year at issue. On a timely filed U.S. return for each year, she claimed a foreign tax credit in a dollar amount equivalent to the U.K. tax withheld by Goldman Sachs.

On her U.K. tax return for each year, petitioner claimed substantial deductions attributable to investments in U.K. film partnerships. She claimed these deductions under U.K. tax provisions that allowed investors in film partnerships to deduct highly leveraged investment costs against their earned income. In reliance on these deductions, petitioner applied for refunds on her U.K. returns of the tax that her employer had withheld and paid over to U.K. taxing authorities.

---

[1]All statutory references are to the Internal Revenue Code in effect for the tax years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar.

Section 905(c)(1) provides that, if a taxpayer has claimed a credit for a foreign tax that is later "refunded in whole or in part," the taxpayer "shall notify the Secretary." The IRS is then authorized to redetermine the tax for that year and collect, upon notice and demand, any additional tax due. See sec. 905(c)(3).

Petitioner received payments from the U.K. taxing authorities resulting from the submission of her 2003-05 U.K. returns. However, she contends that these payments were not "refunds" within the meaning of section 905(c)(1)(C) both because her entitlement to refunds remains under investigation by U.K. taxing authorities and because the application of section 905(c) is allegedly affected by provisions of the U.S./U.K. income tax treaty. As a result, petitioner did not file amended U.S. returns for 2003-05 reporting reduced foreign tax credits, nor did she otherwise notify the IRS pursuant to section 905(c)(1).

The IRS commenced an examination of petitioner's 2003-05 returns. Before or during the audit, the IRS was informed by U.K. taxing authorities that petitioner had invested in film partnerships; had claimed substantial deductions attributable thereto; and had filed U.K. returns requesting refunds. The IRS determined that petitioner had received U.K. income tax refunds of $413,126 in 2003, $292,663 in 2004, and $239,202 in 2005. It therefore disallowed corresponding amounts of foreign tax credits that petitioner claimed on her U.S. returns.

Rather than invoking section 905(c)(3) as authority for collecting the redetermined tax upon notice and demand, the IRS sent petitioner a notice of deficiency for 2003-05. This notice showed tax increases flowing from the credit adjustments and determined section 6662(a) accuracy-related penalties. The reductions to petitioner's foreign tax credits were the only adjustments the IRS made to her returns for these years.

Petitioner timely petitioned this Court challenging respondent's determinations. Approximately a year after filing his answer, respondent moved to dismiss the case for lack of jurisdiction insofar as it concerns the adjustments to petitioner's foreign tax credits. Respondent contends that he erred in issuing the notice of deficiency; that section 905(c) authorizes him to redetermine petitioner's 2003-05 tax and collect it upon notice and demand; and that foreign tax credit adjustments of the sort involved here "are expressly removed from deficiency procedures" by a cross-reference from section 6213(h)(2)(A) to section 905(c). Respondent acknowledges that the accuracy-related penalties determined in the notice of deficiency "properly fall under the jurisdiction of this Court." However, respondent expresses his intention to concede these penalties if the Court grants his motion to dismiss as to the foreign tax credit adjustments.

## Discussion

This Court always has jurisdiction to determine whether it has jurisdiction. Cooper v. Commissioner, 135 T.C. 70, 73 (2010). The Tax Court is a court of limited jurisdiction, and we must ascertain whether the case before us is one that Congress has authorized us to consider. See sec. 7442; Estate of Young v. Commissioner, 81 T.C. 879, 881 (1983). In determining whether we have jurisdiction over a given matter, this Court and the Courts of Appeals have given our jurisdictional provisions a broad, practical construction rather than a narrow, technical one. Lewy v. Commissioner, 68 T.C. 779, 781 (1977). When a statutory provision is capable of two interpretations, "we are inclined to adopt a construction which will permit us to retain jurisdiction without doing violence to the statutory language." Traxler v. Commissioner, 61 T.C. 97, 100 (1973).

I.    Statutory Framework

   A.    The Tax Court as a Prepayment Forum

The primary function of this Court is to act as a convenient prepayment forum in which taxpayers can challenge IRS deficiency determinations without paying the tax first. See sec. 6213(a); Lewy v. Commissioner, 68 T.C. at 781; Boris I. Bittker & Lawrence Lokken, Federal Taxation of Income, Estates, and Gifts, para. 115.2.2, at 115-13 (2d ed. 2012). Section 6211 defines a "deficiency,"

and section 6212 authorizes the IRS to send a "notice of deficiency" if it determines a deficiency with respect to a taxpayer's tax. Upon receipt of a notice of deficiency, the taxpayer may petition this Court for redetermination of the deficiency. Sec. 6213(a). The petition must be filed within 90 days if the notice is mailed to a U.S. address or within 150 days if, as was true here, "the notice is addressed to a [taxpayer] outside the United States." Ibid.

Section 6213 also places important restrictions on the IRS' ability to assess a deficiency and begin collecting the tax. As a rule, the IRS may not assess an income tax deficiency until it has mailed a notice of deficiency and the relevant period (90 or 150 days, as applicable) has elapsed. Sec. 6213(a). If the applicable time window closes and the taxpayer does not petition this Court, the IRS may proceed with assessment and collection. If a taxpayer timely petitions this Court, the IRS may not assess the tax or proceed to collect it "until the decision of the Tax Court has become final." Ibid.

In certain circumstances, the restrictions on assessment found in section 6213 do not apply. For example, section 6201(a)(1) authorizes the IRS to assess (and begin collection of) taxes determined by a taxpayer and shown on his or her return. Section 6213(b)(1) authorizes the IRS to assess (and begin collection of) additional tax arising from a mathematical or clerical error apparent on the face of

a return.  The usual restrictions on assessment likewise do not apply to assessable penalties, see secs. 6671-6725, or in emergency situations, such as termination and jeopardy assessments, see secs. 6851, 6852, 6861.

B.     Section 905(c)

Section 905(c) includes another, quite specialized, exception to the restrictions on assessment set forth in section 6213.  Subject to certain limitations, a U.S. citizen may elect to take a foreign tax credit against her U.S. income tax liability for income taxes paid or accrued to a foreign country or U.S. possession.  Sec. 901(a).  Congress anticipated the difficulty of ascertaining, at the time the U.S. return is filed, the exact amount of foreign tax that will ultimately be allowable as a credit.  It accordingly provided, in what is now section 905(c), a special procedure for adjusting the credit when the taxpayer's ultimate liability varies from the amount claimed.  Section 905(c)(1) specifies three situations in which a U.S. taxpayer's foreign tax credit must be adjusted:

> (A) accrued taxes when paid differ from the amounts claimed as credits by the taxpayer,
>
> (B) accrued taxes are not paid before the date 2 years after the close of the taxable year to which such taxes relate, or
>
> (C) any tax paid is refunded in whole or in part.

The regulations describe these three situations as involving a "foreign tax redetermination."  Sec. 1.905-3T(c), Temporary Income Tax Regs., 53 Fed. Reg. 23614 (June 23, 1988).[2]  If a "foreign tax redetermination" as thus defined occurs, section 905(c)(1) provides that "the taxpayer shall notify the Secretary, who shall redetermine the amount of the tax for the year or years affected."  Because the IRS, absent notice from the taxpayer, generally will not know of revisions to the taxpayer's foreign tax liabilities, the Internal Revenue Code has long required self-reporting of such changes.  See generally Pac. Metals Corp. v. Commissioner, 1 T.C. 1028, 1029 (1943) (discussing section 131(c) of the Revenue Act of 1936, a predecessor of section 905(c)).  Section 6689 provides a strong incentive for taxpayers to comply with their self-reporting obligations under section 905(c)(1), imposing a penalty up to 25% of the deficiency for failure to provide the notice required by section 905(c)(1) unless it is shown that such failure is due to reasonable cause and not due to willful neglect.

---

[2]The provisions of the temporary regulations discussed in the text, secs. 1.905-3T and 1.905-4T, Temporary Income Tax Regs., 53 Fed. Reg. 23613, 23617 (June 23, 1988), were promulgated in 1988, T.D. 8210, 1988-2 C.B. 248, and were in effect through November 6, 2007.  They were amended by T.D. 9362, 2007-48 I.R.B. 1050, in November 2007, but the provisions discussed herein remained substantially the same after that amendment.  The applicability of these provisions was set to expire on November 5, 2010.  See secs. 1.905-3T(f), 1.905-4T(f)(3), Temporary Income Tax Regs., 72 Fed. Reg. 62784, 62787 (Nov. 7, 2007).  The provisions discussed in the text were in effect at all times relevant to this case.

With exceptions not relevant here, the taxpayer is supposed to notify the Secretary by filing an amended return. Sec. 1.905-4T(b)(1), Temporary Income Tax Regs., 53 Fed. Reg. 23617 (June 23, 1988). An individual taxpayer is instructed to include with her amended return a revised Form 1116, Foreign Tax Credit, and information sufficient to enable the IRS to redetermine her U.S. tax liability. See sec. 1.905-4T(b)(1), (3), Temporary Income Tax Regs.

Once the IRS redetermines the taxpayer's liability in accordance with section 905(c)(1), "[t]he amount of tax (if any) due * * * shall be paid by the taxpayer on notice and demand by the Secretary, and the amount of tax overpaid (if any) shall be credited or refunded to the taxpayer." Sec. 905(c)(3). A cross-reference from section 6213 confirms that the usual restrictions on assessment do not apply to section 905(c) adjustments made by the IRS. See sec. 6213(h)(2) ("For assessments without regard to restrictions imposed by this section in the case of--(A) Recovery of foreign income taxes, see section 905(c)."); sec. 1.905-4T(b)(1), Temporary Income Tax Regs. ("Subchapter B of chapter 63 of the Code (relating to deficiency procedures) shall not apply with respect to the assessment of the amount due upon such redetermination.").

II.     Analysis

The IRS determined deficiencies in petitioner's income tax for 2003-05 based on its contention that she had received refunds of U.K. taxes claimed as credits on her U.S. returns for those years. The IRS issued her a notice of deficiency and she timely petitioned this Court. Respondent contends that we nevertheless lack jurisdiction because the increased tax determined in the notice of deficiency constitutes a "section 905(c) adjustment."

Respondent contends that petitioner received U.K. tax refunds, which triggered his duty to redetermine her U.S. tax under section 905(c)(1). This duty arises, respondent contends, regardless whether the Commissioner has received notification from the taxpayer and regardless whether the taxpayer disputes the predicate for that section's application. Because the IRS has allegedly adjusted petitioner's foreign tax credits under section 905(c)(1), respondent argues that the redetermined tax is due on notice and demand under section 905(c)(3) and hence that this Court lacks deficiency jurisdiction by virtue of the cross-reference to section 905(c) from section 6213(h)(2)(A). The fact that the IRS sent petitioner a notice of deficiency is irrelevant, according to respondent, since the mailing and receipt of a notice do not automatically confer jurisdiction.

As a preliminary matter, we agree with respondent that the Internal Revenue Code, not merely the issuance of a notice of deficiency, confers jurisdiction on this Court. See Thompson v. Commissioner, 137 T.C. 220, 225-226 (2011), rev'd on other grounds, 729 F.3d 869 (8th Cir. 2013). While the Thompson decision was reversed and remanded on other grounds, the Court of Appeals did not disturb this portion of the holding, and we see no reason to do so now. However, we do not agree with the other steps of respondent's argument.

In urging that we lack jurisdiction, respondent cites no caselaw but rather relies on what he regards as the plain language of the statute. The problem with respondent's position is that a plain reading of section 905(c) describes a circumstance that did not necessarily occur here. Section 905(c)(3) empowers the Commissioner to collect on notice and demand only in the case of a "redetermination under paragraph (1)." Paragraph 1 is structured as a conditional statement. As relevant here, it provides that if a foreign tax paid is refunded, then the taxpayer is required to notify the Secretary, who shall then redetermine the tax. Here, petitioner disputes that she received a "refund" of U.K. tax. She contends that the payments she received from U.K. taxing authorities were not "refunds" within the meaning of section 905(c)(1)(C), both because her entitlement to refunds remains under investigation in the U.K. and because the application of section 905(c) is al-

legedly affected by provisions of the U.S./U.K. income tax treaty.[3]  And because she allegedly received no "refunds," she did not notify--and she contends that she had no obligation to notify--the Secretary under section 905(c)(1).

In short, this is not a case where the taxpayer has conceded receipt of a foreign tax refund by notifying the Secretary, filing an amended return, and self-reporting an increased tax liability.  Section 905(c)(1)(C) applies only "[i]f * * * any tax paid is refunded in whole or in part," and petitioner contends that this condition has not been satisfied.  We necessarily have jurisdiction to determine whether section 905(c)(1)(C)--the statutory provision alleged to divest us of jurisdiction--applies.

The Court confronted analogous facts in Comprehensive Designers Int'l, Ltd. v. Commissioner, 66 T.C. 348 (1976).  The taxpayer there claimed on its U.S. return a foreign tax credit for an accrued U.K. tax.  The taxpayer determined this credit by translating its accrued liability in British pounds into dollars at the exchange rate prevailing at the end of its fiscal year, namely, £1.00 = $2.80.  The taxpayer's U.K. tax liability, when subsequently paid, was the same as its accrued

---

[3]We make no findings at this stage of the case concerning the merits of petitioner's arguments.  The only issue before us is the legal question whether we have subject matter jurisdiction to adjudicate her claims.  See Tigers Eye Trading, LLC v. Commissioner, 138 T.C. 67, 75 (2012) (citing Taylor v. Voss, 271 U.S. 176, 186 (1926)).

liability in terms of British pounds. In dollar terms, however, its U.K. tax liability when paid was significantly lower than when accrued, because the pound had depreciated and was then convertible into dollars at a rate of £1.00 = $2.40. Id. at 350.

On audit, the taxpayer contended that no adjustment to its foreign tax credit was required because its U.K. tax liability, in British pounds, was the same when paid as when accrued. The IRS disagreed, contending that, because of the exchange rate differential, the "accrued taxes when paid differ[ed] from the amounts claimed as credits by the taxpayer" within the meaning of section 905(c) of the 1954 Code.[4] The IRS sent the taxpayer a notice of deficiency based on a redetermination of its foreign tax credit, and the taxpayer timely sought review in this Court.

---

[4]Section 905(c) of the 1954 Code, which was similar in substance to the current statute, provided: "If accrued taxes when paid differ from the amounts claimed as credits by the taxpayer, or if any tax paid is refunded in whole or in part, the taxpayer shall notify the Secretary [or his delegate], who shall redetermine the amount of the tax for the year or years affected." The original version of the statute, enacted in 1918, read similarly: "If accrued taxes when paid differ from the amounts claimed as credits by the taxpayer, or if any tax paid is refunded in whole or in part, the taxpayer shall notify the Commissioner who shall redetermine the amount of the tax due * * * and the amount of tax due upon such redetermination, if any, shall be paid by the taxpayer upon notice and demand." Revenue Act of 1918, Pub. L. No. 65-254, sec. 222(b), 40 Stat. at 1073.

The Court in <u>Comprehensive Designers</u> did not address the jurisdictional issue currently before us, evidently because the parties had not raised it. Rather, the Court proceeded to the merits and ruled in favor of the IRS. <u>See</u> 66 T.C. at 354-56. As Judge Tannenwald framed the question, "We must decide whether the amount of [petitioner's foreign tax] credit should be adjusted pursuant to section 905(c)." <u>Id.</u> at 354.

Like the taxpayer in <u>Comprehensive Designers</u>, petitioner disputes that a foreign tax redetermination has occurred. Just as the taxpayer in <u>Comprehensive Designers</u> disagreed that its "accrued taxes when paid differ[ed] from the amounts claimed as credits," petitioner disagrees that her U.K. tax "has been refunded in whole or in part." In each case, the taxpayer did not file an amended return or otherwise notify the Secretary pursuant to section 905(c)(1); the IRS determined a deficiency stemming from partial disallowance of the foreign tax credit; the IRS sent the taxpayer a notice of deficiency; and the taxpayer timely sought redeter-mination of that deficiency in our Court. In <u>Comprehensive Designers</u> and on other occasions, we decided the merits of questions concerning foreign tax credit

adjustments described in section 905(c) and its predecessors, in each case without addressing the jurisdictional issue that respondent raises now.[5]

The statutory scheme that Congress has created generally affords taxpayers a prepayment forum to contest disputed taxes. The Code provides limited exceptions to this rule, allowing the Commissioner to assess the tax summarily (for example) where the taxpayer has reported a tax on her return or made obvious mathematical errors in computing her tax. See secs. 6201(a)(1), 6213(b). The common thread in these non-emergency situations is that the assessment is uncontroverted and does not need independent review, since the taxpayer does not dispute that the tax is owing. This statutory scheme supports the outcome in Comprehensive Designers and the other precedents we have cited, which afforded

_____

[5]See Steel Improvement & Forge Co. v. Commissioner, 36 T.C. 265, 280-282 (1961) (discussing sec. 131(c) of 1939 Code), rev'd on another issue, 314 F.2d 96 (6th Cir. 1963); H.H. Robertson Co. v. Commissioner, 8 T.C. 1333, 1340 (1947) (rejecting contention that amounts received from U.K. taxing authorities "were not 'refunded' within the meaning of that word as used in" sec. 131(c) of the 1939 Code), aff'd, 176 F.2d 704 (3d Cir. 1949); Pac. Metals Corp. v. Commissioner, 1 T.C. 1028, 1030 (1943) (determining foreign tax credit adjustment when IRS issued notice of deficiency after taxpayer "failed to comply with the mandate of section 131(c) by failing to notify the Commissioner in 1939 that it had received a refund of part of the 1936 foreign tax").

taxpayers a prepayment forum for contesting the application of section 905(c)(1) and its predecessors.[6]

At this point, we need not decide whether we have subject matter jurisdiction over all aspects of this controversy. At the very least, we have jurisdiction to determine our jurisdiction. We thus have jurisdiction to decide whether the statutory provision alleged to divest us of jurisdiction applies, i.e., whether the U.K. taxes paid by petitioner have been "refunded in whole or in part" within the meaning of section 905(c)(1)(C). This will afford petitioner a prepayment forum for resolving the central issue that she raises on the merits, namely, that the amounts she received from U.K. taxing authorities during 2003-05 were not "refunds."

To reflect the foregoing,

<u>An order will be issued denying respondent's motion to dismiss for lack of jurisdiction.</u>

---

[6]Even in the case of mathematical errors, Congress has determined to afford taxpayers a prepayment forum by providing that "the deficiency procedures prescribed by this subchapter" shall apply if the IRS reassesses the tax after the taxpayer timely requests that the assessment be abated. <u>See</u> sec. 6213(b)(2)(A). The ability to cure before assessment of some assessable penalties is additional evidence of a system intended to provide taxpayers meaningful opportunities to remedy the problem before assessment. <u>See, e.g.</u>, sec. 6702 (frivolous return penalty does not apply if taxpayer withdraws frivolous submission within 30 days of receiving notice from the IRS).